# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

DEANNE EVANS,

                Plaintiff,

v.

CASE NO.:

CIRCLE K STORES, INC.,

                Defendant.

_____

## **DEFENDANT'S NOTICE OF REMOVAL**

Defendant, CIRCLE K STORES, INC. ("Defendant"), hereby gives this Notice of Removal of the above captioned action from the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida, in which this action is now pending, to the United States District Court, Middle District of Florida, Ocala Division, and respectfully represents as follows:

1. This action was filed in Marion County Circuit Court on March 22, 2023. On or about August 21, 2023, a Complaint was served on Defendant.[1] The civil action entitled *Deanne Evans v. Circle K Stores, Inc.*, was commenced in the Circuit Court, Fifth Judicial Circuit, in and for Marion County, Florida, and assigned Case Number 2023-CA-001721-O. A copy of the Complaint, as well as all other

---

[1] Removal is timely under 28 U.S.C. §1446(b)(3) because Defendant's Notice of Removal was filed within 30 days of the "other paper" upon which the case first became removable.

materials contained within the underlying State Court file are attached hereto as composite **Exhibit A.**

## CITIZENSHIP

2. There is complete diversity of citizenship between the parties to this cause. This action is properly removable pursuant to 28 U.S.C. §1441 and this Notice of Removal is filed within the thirty (30) day statutory period for removal under 28 U.S.C. §1446(b).

3. DEANNE EVANS ("Plaintiff") is a citizen of the State of Florida. *See* Pl.s' Compl. ¶ 2, attached within composite **Exhibit A.**

4. Defendant is a Foreign Profit Corporation duly organized under Texas Law with its principal place of business in Arizona. Defendant's Foreign Profit Corporation Annual Report is attached hereto as **Exhibit B.** Pursuant to 28 U.S.C. § 1332(c), a foreign corporation is deemed to be a "citizen of every [s]tate and foreign state by which it has been incorporated and of the [s]tate or foreign state where it has its principal place of business." *See also Riley v. Merrill Lynch, Pierce, Fenner and Smith*, 292 F. 3d 1334, 1337-1338 (11th Cir. 2002). Accordingly, Defendant is a citizen of Texas and Arizona.

5. Thus, Plaintiff and Defendant are diverse, as Plaintiff is a citizen of the State of Florida and Defendant is a citizen of Texas and Arizona.

## AMOUNT IN CONTROVERSY

6.  This is a purported negligence action brought by Plaintiff against Defendant. As is expressly referenced in the Complaint, Plaintiff is seeking damages in excess of $50,000.00.

7.  In determining the amount in controversy, where "Plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Gillinov v. Hillstone Restaurant Group, Inc.*, 92 F. Supp. 3d 1251, 1253-54 (S.D. Fla. 2015). The evidence that the Court can rely on is not limited in applying the preponderance of the evidence standard, and a defendant may use "their own affidavits, declarations, or other documentation – provided of course that removal is procedurally proper." *Pretka v. Kolter City Plaza, II, Inc.,* 608 F. 3d 744, 755 (11th Cir. 2010). "The Court may consider a pre-suit demand letter in determining whether the amount in controversy requirement is satisfied." *Gillinov v. Hillstone Restaurant Group, Inc.*, 92 F. Supp. 3d at 1254-1255; *but see Clifford v. BJ's Wholesale Club, Inc.*, 2016 LEXIS 147614 (S.D. Fla. 2016).

8.  Plaintiff alleges in her Complaint that she suffered permanent losses, which are continuing, including:

    a.  Bodily Injuries;
    b.  Pain and Suffering;
    c.  Disability;
    d.  Disfigurement;
    e.  Loss for the Capacity for the Enjoyment of Life;
    f.  Expenses of Hospitalization;

      g.      Medical and Nursing Care and Treatment;
      h.      Loss of Earnings;
      i.      Loss of Ability to Earn Money; and
      j.      Mental Anguish.

*See* Pl.s' Compl. ¶ 15, attached within composite **Exhibit A.** In her Interrogatory Answers, Plaintiff indicated that she suffered the following injuries: head injury (including potentially a traumatic brain injury), headaches, neck injury, back injury, and torn ligament in her left thumb. *See* Plaintiff's Verified Answers to Defendant's Interrogatories, attached hereto as **Exhibit C**. Plaintiff reportedly now experiences "unbearable" pain in her hand, as well as trouble grasping and lifting, and has been recommended for surgery.

9. Plaintiff further indicated in her interrogatory responses that she has undergone injections and was recommended for surgery on her hand. Plaintiff has produced documents evidencing past medical bills of at least $12,683. Plaintiff's medical records evidence: multiple bulges on her lumbar spine; a tear, effusion, and bone bruise in her hand; and multiple bulges and herniations on her cervical spine. Additionally, the surgery Plaintiff was recommended to undergo is estimated to cost $54,200. Plaintiff also has a claim for non-economic damages. Thus, Plaintiff's discovery responses show that the amount in controversy exceeds $75,000.   10.

      Thus, the amount in controversy inarguably exceeds $75,000.00 for the reasons stated above.

## CONCLUSION

11. Because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00, this Court has subject matter jurisdiction based on diversity pursuant to 28 U.S.C. §1332. As such, this removal action is proper.

12. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action was promptly served on Plaintiff's counsel, and a Notice of Filing of Removal will be filed with the Clerk of the Circuit Court of the Fifth Judicial Circuit, in and for Marion County, Florida.

13. Defendant has served the instant Notice of Removal on Plaintiff's counsel on December 5, 2023. Defendant has also timely filed a Notice of Application for Removal with the Clerk of the Circuit Court of the Fifth Judicial Circuit.

14. Accompanying this Notice of Removal is a Civil Cover Sheet as well as a check for the required filing fee.

15. Defendant reserves the right to amend and/or supplement this Notice of Removal with information and additional bases for removal that may come to light upon further investigation.

**WHEREFORE**, Defendant respectfully requests that this action now pending in the Fifth Judicial Circuit in and for Marion County, Florida, be removed from

there to this Honorable Court because of the complete diversity between the parties and the amount in controversy that exceeds $75,000.00.

Dated: December 5, 2023.

>  */s/ Alison H. Sausaman*
> Alison H. Sausaman
> Florida Bar No. 112552
> Miles W. Igou
> Florida Bar No. 1040648
> CARR ALLISON
> The Truist Tower
> 200 West Forsyth Street, Suite 600
> Jacksonville, Florida 32202
> Telephone: (904) 328-6456
> Facsimile: (904) 328-6473
> Email: asausaman@carrallison.com
> Secondary Email:
> migou@carrallison.com
> Secondary Email:
> egaskill@carrallison.com
> Secondary Email:
> dwhite@carrallison.com
> *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on December 5, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will provide a notice of electronic filing and a copy of the foregoing to the following:

<u>James Armstrong, Esq.</u>
The Pendas Law Firm
3250 Beach Blvd.
Jacksonville, Florida 32207
Primary Email: jarmstrong@pendaslaw.com
Secondary Email: pcohen@pendaslaw.com

And

<u>Albert J. Yonja Jr., Esq.</u>
The Pendas Law Firm
3250 Beach Blvd.
Jacksonville, FL 32207
Primary Email:  ayonfa@pendaslaw.com
Secondary Email: pcohen@pendaslaw.com
*Attorneys for Plaintiff*

                                        */s/ Alison H. Sausaman*
                                        Alison H. Sausaman
                                        Miles W. Igou
                                        *Attorneys for Defendant*